# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-0473V
Filed: June 12, 2015
Unpublished

* * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| HAROLD DUKE, | |
| Petitioner, | Dismissal; Shingles Vaccine; Herpes Zoster; Zostavax; Vaccine Not Covered by Program; Failure to State a Claim; Insufficient Proof; Special Processing Unit ("SPU") |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Jack G. Leader*, Elrod Pope Law Firm, Rock Hill, SC, for petitioner.
*Claudia B. Gangi*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION[1]

**Vowell**, Chief Special Master:

On May 11, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] [the "Vaccine Act" or "Program"]. The petition alleges that petitioner suffered "Right Brachial Plexitis/ Turner Parsonage Syndrome" as a result of his receipt of the shingles (herpes zoster)[3] vaccine on May 20, 2013.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[3] *See* Centers for Disease Control and Prevention at www.cdc.gov/shingles/ ("Shingles, also known as zoster or herpes zoster, is a painful skin rash. It is caused by varicella zoster virus (VZV), the same virus that causes chickenpox.").

On May 12, 2015, I issued an Order to Show Cause informing petitioner that the shingles (herpes zoster) vaccine (Zostavax) is not covered under the Program.[4]  The order afforded petitioner 30 days, until June 11, 2015, to amend the petition alleging injury from a Program-covered vaccine or otherwise show cause why the petition should not be dismissed.  It also provided petitioner with information on how to voluntarily exit the Vaccine Program, if he desired.  The order concluded by informing petitioner that non-compliance would be interpreted as either a failure to prosecute the claim or as an inability to provide necessary support for the claim.  The petition would be dismissed in either event.

On June 11, 2015, petitioner filed a response to my order, which he styled as an amended petition.  Therein, petitioner reasserted his entitlement to compensation for an injury sustained from his shingles vaccination on May 20, 2013.  He stated that his claim was for an "off-Table" injury and that he had evidence from an expert establishing that his injury was caused-in-fact by the shingles vaccination.

Petitioner misconstrued the show cause order as one pertaining to the issue of causation, rather than one focused solely on whether the vaccine he received is covered under the Program.  To be entitled to compensation under the Vaccine Act, a petitioner must first demonstrate that he or she received a *vaccine* listed on the Vaccine Injury Table [the "Table"].  *See* §11(c)(1)(A).  If the claimed vaccine is not listed on the Table, then it is not covered by the Program, and the issue of causation is never reached.  In such case, the claim is simply not eligible for compensation under the Program.  If, however, the claimed vaccine *is* listed on the Table, then the inquiry moves to whether the claimed *injury* is listed on the Table (*i.e.*, a Table vs. off-Table injury) and the issue of causation is addressed.

Petitioner's response did not examine the threshold question of whether the shingles vaccine is listed on the Table, but only addressed the issue of causation.  Whether or not petitioner's condition was caused-in-fact by the shingles vaccine is not relevant to the issue raised in the show cause order.

The authority of special masters is limited by statute.  The Vaccine Act vested special masters with authority to award compensation only for injuries caused by certain vaccines—those recommended for routine administration to children. *See* H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3.  The vaccines initially covered by the Program were those listed in section 14 of the Act—the original Vaccine Injury Table.  As more vaccines were recommended for routine administration to children by the Centers for Disease Control and Prevention ["CDC"], the Secretary, Health and Human Services ["HHS"] was directed to amend the Table for their inclusion.  *See* § 14(c)(1); 42 C.F.R. § 100.3 (2011) (the current Table).  Importantly, a tax is enacted on each vaccine listed on the Table to provide funds for compensation for possible injury resulting from a vaccine.  The date the tax is enacted is the date a vaccine becomes a part of the Vaccine Program.  *See* 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub.L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

---

[4] *See* Zostavax official website at www.zostavax.com ("Zostavax is a vaccine used for adults 50 years of age or older to prevent Shingles (also known as zoster)."); Center for Disease Control and Prevention (CDC) website at www.cdc.gov/vaccines/vpd-vac/shingles/hcp-vaccination.htm (describing the herpes zoster vaccination).

The shingles vaccine is not listed on the Table and is therefore not covered by the Program.  Previous petitions seeking compensation for injury resulting from the shingles vaccine have been dismissed.  *See, e.g.*, *Scanlon v. Sec'y of HHS*, No. 13-219V, 2013 WL 5755061 (Fed. Cl. Spec. Mstr. Sept. 27, 2013), *aff'd*, 114 Fed. Cl. 135 (2013); *Nilsen v. Sec'y of HHS*, No. 10-110V, 2010 WL 1753471 (Fed. Cl. Spec. Mstr. Apr. 6, 2010); *Doe/44 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3124758 (Fed. Cl. Spec. Mstr. Sept. 25, 2009); *Doe/47 v. Sec'y of HHS*, No. [redacted]V, 2009 WL 3416368 (Fed. Cl. Spec. Mstr. Sept. 10, 2009).  As petitioner has presented no evidence that the Zostavax vaccine is within the statutory authority of the Office of Special Masters, his case must likewise be dismissed.

Petitioner has failed to demonstrate that he received a vaccine covered under the Vaccine Program.  **This case is dismissed for failure to state a claim upon which relief can be granted.  The clerk shall enter judgment accordingly.**

**s/Denise K. Vowell**
Denise K. Vowell
Chief Special Master